IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Reo Blakely,<br><br>        Plaintiff,<br><br>v.<br><br>Barry Wynn; Mark Bonsall; Santee Cooper; Palmetto Electric, Inc.; William A. Finn; and W. Leighton Lord, III,<br><br>        Defendants. | C/A No. 3:21-cv-3351-SAL<br><br><br>**ORDER** |

   This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Shiva V. Hodges, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.) (the "Report"). [ECF No. 7.] In the Report, the magistrate judge recommends summarily dismissing this case because the court lacks subject matter jurisdiction. *Id.* at 3–6. Included with the Report was a notice advising Plaintiff of the procedures and requirements for filing objections to the Report. *Id.* at 7. On November 1, 2021, Plaintiff filed objections. [ECF No. 10.] This matter is ripe for review.

**BACKGROUND AND PROCEDURAL HISTORY**

   The Report sets forth in detail the relevant facts and standards of law. [ECF No. 7 at 1–6.] This court incorporates those facts and standards in this order. To summarize, Plaintiff is brought this action against Defendants for improperly charging him and other consumers to build a nuclear power plant. [ECF No. 1 at 1–5.] He seeks $840,000,000 in damages. *Id.* at 5.

   The magistrate judge recommends this court summarily dismiss Plaintiff's action because the court lacks subject matter jurisdiction. As explained in the Report, federal courts are courts of limited jurisdiction, and a plaintiff must allege facts to demonstrate subject matter jurisdiction.

1

[ECF No. 7 at 3–5 (noting federal courts are "'constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute'" (quoting *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998))).] Further, "a federal court is required, *sua sponte*, to determine if a valid basis for jurisdiction exists 'and to dismiss the action if no such ground appears.'" *Id.* at 3 (quoting *In re Bulldog*, 147 F.3d at 352). In this case, Plaintiff has failed to demonstrate diversity or federal question jurisdiction. Accordingly, the magistrate judge recommends summary dismissal.

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of only those portions of the Report that have been *specifically* objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citation omitted). Thus, "[i]n the absence of *specific* objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (D.S.C. 2009).

**DISCUSSION**

Rather than directly addressing the issue of subject matter jurisdiction, Plaintiff offers a copy of the Notice of Right to File Objections to Report and Recommendation with a handwritten note that states, "I object, my paper work was done correctly I sent the same paper work with accurate answers. If you got trustee fax him or her my forms[.]" [ECF No. 10 at 1.] Attached to that, he has provided an Amended Complaint, dated October 27, 2021, in addition to other court forms. *Id.* at 2–7.

Initially, Plaintiff's general statement, "I object" does not set forth with sufficient specificity what errors, if any, Plaintiff identifies in the Report. *See Elijah v. Dunbar*, -- F.4th --, 2023 WL 3028346, at *3 (4th Cir. 2023) ("'Just as a complaint stating only "I complain" states no claim, an objection stating only "I object" preserves no issue for review.'" (quoting *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))). Plaintiff argues that he "sent the same paper work with accurate answers[,]" but this, too, does not alert the court of Plaintiff's true ground for objection.

The Amended Complaint filed as part of the Objections also does not set forth specific objections to the magistrate judge's Report. However, to the extent the Amended Complaint can be viewed as a response to the magistrate judge's reasoning that there is no subject matter jurisdiction in this case, it fails. That is, the Amended Complaint demonstrates there is no subject matter jurisdiction. First, there is no diversity jurisdiction as Plaintiff claims that he and multiple Defendants are South Carolina citizens. [*See* ECF No. 10 at 2–3]; 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, . . . and is between . . . citizens of different States . . . ."). Second, Plaintiff fails to identify any federal statute that Defendants have violated, and "[t]o the

extent [he] seeks to bring claims for violations of his civil rights pursuant to 42 U.S.C. § 1983, he has failed to allege the violations were committed under the color of state law." [ECF No. 7 at 7.] Plaintiff has failed to demonstrate the court has subject matter jurisdiction in this case. Accordingly, Plaintiff's objections are overruled. The court fully adopts the magistrate judge's reasoning that this case must be summarily dismissed due to a lack of subject matter jurisdiction.

## CONCLUSION

For the reasons set forth above, the Report [ECF No. 7] is adopted in its entirety and incorporated herein. As a result, this case is summarily **DISMISSED** without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

May 8, 2023
Columbia, South Carolina

s/Sherri A. Lydon
The Honorable Sherri A. Lydon
United States District Court Judge